# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHELE SLAUGHTER, :
    Plaintiff : Action No. 3:16-CV-0429
    :
v. : (Judge Nealon)
    :
CAROLYN W. COLVIN, : (Magistrate Judge Carlson)
Acting Commissioner of Social Security, :
    Defendant :

**FILED**
**SCRANTON**

## MEMORANDUM

FEB 28 2017

PER _____
DEPUTY CLERK

## Background

On March 9, 2016, Plaintiff, Michele Slaughter, filed a complaint seeking review of the Commissioner of the Social Security Administration's ("Commissioner") denial of her application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. (Doc. 1). On May 16, 2016, Defendant filed an Answer and Transcript. (Docs. 8 and 9). On June 29, 2016, Plaintiff filed a brief in support of her complaint. (Doc. 10). On July 28, 2016, Defendant filed a brief in opposition. (Doc. 11). On August 4, 2016, Plaintiff filed a reply brief. (Doc. 12). A Report and Recommendation ("R&R") was issued by United States Magistrate Judge Martin C. Carlson on February 9, 2017, recommending that the appeal be granted, the decision of the Commissioner be vacated, and Plaintiff be granted a new

administrative hearing. (Doc. 15). Plaintiff has not filed objections, Defendant filed a waiver of the right to object, and the matter is now ripe for review. Having reviewed the reasoning of the Magistrate Judge, the R&R will be adopted.

**Standard of Review**

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 152 (1985); 28 U.S.C. § 636(b)(1)(C). Nevertheless, the Third Circuit Court of Appeals has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied 484 U.S. 837 (1987); Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.).

**Discussion**

Upon review of the present appeal, it is concluded that the Magistrate Judge

did not err in finding that substantial evidence does not support the administrative law judge's ("ALJ") decision that Plaintiff was not disabled. The Magistrate Judge appropriately sets forth the standard for reviewing a Social Security appeal and the sequential evaluation process used by an administrative law judge to determine whether the claimant is disabled. (Doc. 15, pp. 8-13). The Magistrate Judge thoroughly reviews the medical records and the ALJ's decision, and determines that remand for a new administrative hearing is necessary to "address disparities between the vocational expert testimony, DOT exertional standards, and the ALJ's Residual Function Capacity Assessment." (Id. at 13-18).

Neither party having objected to the Magistrate Judge's recommendations, and this Court having reviewed the R&R for clear error and having found none, Magistrate Judge Carlson's R&R will be adopted. As such, Plaintiff's appeal will be granted, the decision of the Commissioner will be vacated, the matter will be remanded to the Commissioner for a new administrative hearing, and final judgment will be entered in favor of Plaintiff and against Defendant.

A separate Order will be entered.

**Date:** February 28, 2017

/s/ William J. Nealon
**United States District Judge**